UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-212-GFVT

ANTHONY GONCALVES                                                      PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

PETER D. KEISLER, ET AL.                                             RESPONDENTS

**** **** **** ****

Anthony Goncalves ("Goncalves") is a prisoner incarcerated at the United States

Penitentiary-Big Sandy in Inez, Kentucky, who has filed a *pro se* petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  [Dkt. 2]  This matter is before the Court for screening.

28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Goncalves is appearing *pro se*, his petition is held to less stringent standards than

those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star

Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are

taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th

Cir. 2001).  But the Court may dismiss the petition at any time, or make any such disposition

as law and justice require, if it determines that the petition fails to establish adequate grounds

for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I. BACKGROUND**

Goncalves indicates that he was convicted of various undisclosed crimes in the

Superior Court of the District of Columbia and thereafter the Federal Bureau of Prisons

("BOP") took him into custody and transferred him outside the District of Columbia to a federal prison outside that jurisdiction.

Goncalves's petition asserts that all or most of Title 18 of the United States Code, which encompasses the criminal statutes under which he was convicted, is void because it was not passed in conformity with the constitutional requirements for passage set forth in Article I of the Constitution of the United States.  He therefore asserts that his criminal conviction and the statutory authority exercised by the BOP to remove him from the District of Columbia are likewise invalid.  Goncalves has named as respondents in this proceeding United States Attorney General Peter Keisler; Warden Hector Rios; United States District Judge Joseph M. Hood; and the undersigned.

## II. DISCUSSION

Petitioner has named the undersigned as a respondent in these proceedings because, he contends, the undersigned has "a predisposed mind towards the issues raised herein and towards Negro Prisoners' rights."  While  Section 28 U.S.C. § 455(b)(5)(I) dictates recusal where a judge is named as a party in the proceeding, Goncalves does not and can not seek any relief against the undersigned in a habeas corpus proceeding because only the prisoner's custodian may be named as a respondent in a habeas petition.  28 U.S.C. §§ 2242, 2243 (writ or order to show cause is to be directed "to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 429 (2004).  Section 455(b)(1) requires recusal where a judge "has a personal bias or prejudice concerning a party."  Goncalves does not allege any bias directed towards him personally; rather, he alleges that the undersigned

has a "predisposed mind" regarding the legal issues raised in the petition.  However, "judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v.*

*United States*, 510 U.S. 540, 555 (1994); *Briggs v. Peck, Shaffer & Williams, L.L.P.*, 2004

WL 950074, *2 (6th Cir. 2004) (unpublished disposition).  There is no legal basis warranting

recusal from consideration of this petition.

On the merits, Goncalves may not use Section 2241 as a vehicle to assert his claim.

Section 2241 is only available to challenge a conviction or sentence where, after the

petitioner's conviction has become final, the Supreme Court re-interprets the terms of the

statute the petitioner was convicted in such a way that petitioner's actions did not violate the

statute.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).  Goncalves's claim -- that the

criminal statute under which he was convicted violated the Constitution when it was

allegedly passed in a defective manner in 1948 -- is a claim that Goncalves could and should

have presented to the trial court, on direct appeal, or through a motion under Section 2255.

Goncalves has raised this exact argument before, and it was rejected both procedurally

and on the merits by this Court ten months ago.  *Goncalves v. Gonzalez*, 06-CV-275-GFVT,

Eastern District of Kentucky.  [Dkt. 2, 12]  The Court need not consider such successive

petitions.  28 U.S.C. § 2244(a) (court may refuse to entertain repeat application for the writ

by a federal prisoner "if it appears that the legality of such detention has been determined by

a judge or court of the United States on a prior application for a writ of habeas corpus.").

Reasserting a habeas claim previously rejected by a court also constitutes an abuse of the

writ, which is ground alone for rejecting the claim.  *Rosales-Garcia v. Holland*, 322 F.3d

3

386, 398 n.11 (6th Cir. 2003).   Finally, the Court retains inherent authority to deter such

abusive conduct, including denying *in forma pauperis* status in future cases or refusing to

accept additional complaints or habeas petitions for filing.  *Chambers v. NASCO, Inc.*, 501

U.S. 32, 44 (1991); 28 U.S.C. § 1651.  Should such conduct occur again, the Court will

impose appropriate restrictions.

### III. CONCLUSION

The Court being sufficiently advised, it is

**ORDERED** as follows:

1.      The petition for a writ of habeas corpus [Dkt. 2] is **DENIED.**

2.      The Court certifies that any appeal would not be taken in good faith.  28

U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997);

*Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 16th day of January, 2008.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge